JEAN-PAUL JASSY, Cal. Bar No. 205513
   jpjassy@jassyvick.com
KEVIN L. VICK, Cal. Bar No. 220738
   kvick@jassyvick.com
DUFFY CAROLAN, Cal Bar No. 154988
   dcarolan@jassyvick.com
SUNNY K. LU, Cal. Bar No. 247667
   slu@jassyvick.com
**JASSY VICK CAROLAN LLP**
6605 Hollywood Boulevard, Suite 100
Los Angeles, California 90028
Telephone:   310-870-7048
Facsimile:   310-870-7010

Colby C. Vokey (*pro hac vice* forthcoming)
LtCol USMC (Ret.)
   vokeylaw@colbyvokey.com
6924 Spanky Branch Court
Dallas, Texas 75248
Telephone: 214-697-0274
Facsimile:  214-594-9034

Attorneys for Plaintiffs
MARK BOAL and FLAKJACKET LLC
d/b/a PAGE 1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK BOAL, an individual, FLAKJACKET LLC d/b/a PAGE 1, a California Limited Liability Company,<br><br>  Plaintiffs,<br>  v.<br><br>UNITED STATES OF AMERICA; BARACK OBAMA, in his official capacity as President of the United States of America; ASHTON B. CARTER, in his official capacity as Secretary of Defense; ERIC FANNING, in his official capacity as Secretary of the Army; ROBERT B. ABRAMS, in his official capacity as General Court-Martial Convening Authority; JUSTIN OSHANA, in his official capacity as Major, Judge Advocate, US Army Trial Counsel, and DOES 1 THROUGH 10, inclusive,<br><br>  Defendants. | Case No.:  2:16-CV-05407<br><br>**COMPLAINT FOR DECLARATORY AND/OR INJUNCTIVE RELIEF, OR, IN THE ALTERNATIVE, PETITION FOR A WRIT OF MANDAMUS AND/OR PROHIBITION; EXHIBIT A** |

**COMPLAINT AND WRIT PETITION**

1  Plaintiffs Mark Boal ("Boal") and Flakjacket LLC d/b/a Page 1 ("Page 1")
2 (collectively, "Plaintiffs") allege against defendants United States of America,
3 President Barack Obama, Secretary Ashton B. Carter, Secretary Eric Fanning,
4 General Robert B. Abrams, Major Justin Oshana and Does 1-10 (collectively,
5 "Defendants") as follows:

## GENERAL ALLEGATIONS

1. Mark Boal is a reporter and filmmaker. He is an Academy-Award winning screenwriter. He is a civilian and a resident of Los Angeles. His company, plaintiff Page 1, is based in Los Angeles. This case is brought to protect and defend Plaintiffs' constitutional right to communicate important stories about matters of immense public concern. Without this Court's protection, Plaintiffs – and specifically Boal – will be forced to provide a military prosecutor in North Carolina with unpublished materials and confidential information or face contempt charges in this Court under 10 U.S.C. § 847. Plaintiffs, civilians based in Los Angeles, ask this Court to protect their reporter's privilege, rooted in the First Amendment and recognized in this Circuit and nationwide, to maintain in confidence their unpublished materials and confidential information.

2. Plaintiffs seek a declaration, injunction or writ from this Court preventing the issuance and/or enforcement of a subpoena demanding approximately 25 hours of recorded interviews Boal conducted with US Army Sgt. Robert Bowdrie Bergdahl ("Bergdahl"). Bergdahl is presently facing a court martial in Ft. Bragg, North Carolina for allegedly deserting his post in Afghanistan several years ago. Bergdahl was captured and tortured by the Taliban and ultimately released in a highly-publicized event where President Obama simultaneously released detainees from Guantanamo Bay.

3. Boal recorded his interviews with Bergdahl with the intent to later disseminate portions of those interviews to the public, and to use the interviews for

-1-

Boal's future work.  Portions of Boal's interviews with Bergdahl were licensed by Page 1 to be used, and portions were used, in the second season of the critically-acclaimed, highly popular, Peabody Award-winning podcast *Serial*, published by WBEZ, a National Public Radio affiliate.   It was clear that portions of the Bergdahl interviews were to remain confidential, and portions of the Bergdahl interviews reference confidential sources.

4. Defendant Major Justin Oshana, trial counsel (i.e., prosecutor) in Bergdahl's court martial, has made clear in communications with counsel for Boal that Defendants intend to issue a subpoena on July 22, 2016 seeking all of Boal's recorded interviews with Bergdahl (the "Subpoena").  Major Oshana provided Boal's counsel with a *draft* of the Subpoena, a copy of which is attached, in which the President (via Major Oshana) broadly demands that Plaintiffs produce: "The complete unedited audio recordings of conversations between Sergeant Bergdahl and Mark Boal referenced in the Serial podcast as over 25 hours of recorded conversations."  The Subpoena would invade Boal's right to gather and publish newsworthy material under the First Amendment to the United States Constitution, the common law and state constitutional and statutory provisions, *e.g.*, Cal. Const., art. I, § 2, Evid. C. § 1070.  Issuance and enforcement of the Subpoena would force Boal to decide between facing a contempt certification in a military court in North Carolina, and ultimately in this Court under 10 U.S.C. § 847(b), or sacrificing his work and his constitutional and common law rights and become the arm of a military prosecutor.  The threatened Subpoena is unlawful and inconsistent with the First Amendment, the common law, Department of Justice guidelines for the issuance of subpoenas to reporters and state protections for reporters.

5. Accordingly, Plaintiffs respectfully request that this Court protect their rights and enjoin the issuance and enforcement of the Subpoena, declare that such Subpoena is inconsistent with Plaintiffs' rights and/or issue a writ of mandamus and/or prohibition barring the issuance or enforcement of the Subpoena.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); 28 U.S.C. § 1651(a) ("all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); 5 U.S.C. § 702 (district court jurisdiction to review agency actions), and the federal common law.

7. Venue is proper in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(c)(1) because Plaintiffs are domiciled in Los Angeles County, California and, alternatively, pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue (the recorded interviews of Bergdahl) are located in Los Angeles County, California.

## PARTIES

8. Plaintiff Mark Boal is an award-winning journalist, filmmaker and producer, covering stories of national interest since 1998 and the military and national security since 2011. Boal's *Playboy* Magazine article "Death and Dishonor" – the true story of a father who searches for his missing Iraq war veteran son – was adopted by Oscar-winner Paul Haggis into the film, *In the Valley of Elah*. Drawing from his experiences as a reporter during the war in Iraq, Boal wrote *The Hurt Locker*, the multi-Oscar- winning film directed by Kathryn Bigelow. As writer and producer of the film, Boal won two Oscars, for Best Picture and Best Original Screenplay. Boal most recently wrote and produced the critically acclaimed *Zero Dark Thirty*, which went on to receive five Oscar nominations, and earned Boal his second WGA Award for Best Original Screenplay. Boal's 2011 investigative report

-3-

for *Rolling Stone* entitled the "Kill Team" exposed Afghanistan war crimes, which were eventually punished in the military justice system. Earlier pieces in *Playboy* were the first to focus national attention on the VA's failures to diagnose PTSD among returning veterans. His 2008 investigative story for *Rolling Stone* entitled "Everyone Will Remember Me as Some Sort of Monster" was selected for the Best American Crime Writing anthology edited by Otto Penzler. Boal's research into Bergdahl's disappearance from an Army outpost in Afghanistan began in the summer of 2014, with the intention of researching and developing a story that could be told in multiple mediums, as a documentary, a feature film, news articles, and possibly, a non-fiction book. Boal conducted extensive interviews with individuals familiar with the case, and in May 2015, teamed up with the reporters at the Peabody award-winning *Serial*. Together they co-produced a 10-hour podcast exploring the meaning of the Bergdahl saga against the backdrop of the war in Afghanistan and Operation Enduring Freedom.

9. Plaintiff Flakjacket LLC d/b/a Page 1 is a California limited liability company founded by Boal to explore the intersection of reporting and entertainment. In addition to its work earlier this year co-producing the journalistic podcast *Serial* (which is an off-shoot of National Public Radio's *This American Life* and has more than 50 million listeners world-wide) Boal and his company recently commissioned a wide range of works of public-interest non-fiction from prominent writers and Pulitzer prize-winning journalists on subjects such as policing and race relations in Detroit circa 1967, Second-Wave feminism and the constitutional issues important to that movement, as well as the ATF's role in the raid in Waco, Texas in 1993, and many more. Additionally, Page 1 is executive producing a forthcoming, prize-winning documentary about the psycho-dynamics of terrorist attacks, which won best documentary at the Tel Aviv Film Festival.

10. Defendant Barack Obama is President of the United States of America. On information and belief, the Subpoena will issue from the "President of the United

1 States." President Obama is being sued in his official capacity as President and
2 Commander in Chief of the Armed Forces of the United States of America.

3     11. Defendant Ashton B. Carter is Secretary of Defense for the United States
4 of America. On information and belief, Secretary Carter is responsible for the actions
5 of defendant Major Justin Oshana. Secretary Carter is being sued in his official
6 capacity.

7     12. Defendant Eric Fanning is Secretary of the Army for the United States of
8 America. On information and belief, Secretary Fanning is responsible for the actions
9 of defendant Major Justin Oshana. Secretary Fanning is being sued in his official
10 capacity.

11     13. Defendant Robert B. Abrams, is a General in the United States Army.
12 General Abrams is the Commander of Army Forces Command and serves as the
13 Convening Authority for the general court-martial of Bergdahl. General Abrams is
14 the official who referred the charges against Bergdahl to a court-martial and is
15 responsible for the investigation, referral, and conduct of the court-martial. General
16 Abrams is being sued in his official capacity.

17     14. Defendant Justin Oshana, is a Major in the United States Army. Major
18 Oshana is Judge Advocate and trial counsel – *i.e.*, prosecutor – in the court martial
19 proceedings against Bergdahl at Ft. Bragg, North Carolina. On information and
20 belief, Major Oshana will subscribe the Subpoena. Major Oshana has confirmed that
21 the Subpoena will issue on July 22, 2016 with a return date of August 16, 2016.
22 Major Oshana is being sued in his official capacity.

23     15. The true names and capacities of the defendants sued herein as DOE
24 defendants 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore
25 sue such defendants by fictitious names. Each of the defendants designated herein as
26 a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek
27 leave of Court to amend the Complaint to reflect the true names and capacities of the
28 DOE defendants when such identities become known.

## FIRST CLAIM

### (For Declaratory Relief, 28 U.S.C. § 2201)

### (Against all Defendants)

16. Plaintiffs reallege and incorporate by reference Paragraphs 1-15 as if set forth here in full.

17. Defendants have made clear their intention to imminently issue, serve and enforce the Subpoena against Plaintiffs.

18. Plaintiffs dispute that the Subpoena should be issued or enforced.

19. There is an actual case or controversy of sufficient immediacy and reality as to whether the Subpoena may be issued or enforced, whether Plaintiffs must comply with the Subpoena, and whether and to what extent Plaintiffs are entitled to rely on the reporter's privilege and other related privileges, immunities and protections in response to the Subpoena.

20. Plaintiffs seek a declaration from this Court that the Subpoena may not issue, may not be enforced and/or that Plaintiffs may lawfully refuse to comply with the Subpoena.

## SECOND CLAIM

### (For Injunctive Relief)

### (Against All Defendants)

21. Plaintiffs reallege and incorporate by reference Paragraphs 1-20 as if set forth here in full.

22. Defendants have made clear their intention to imminently issue, serve and enforce the Subpoena with a return date of August 16, 2016.

23. Issuance and enforcement of the Subpoena will irreparably harm Plaintiffs. Either Plaintiffs will be forced to reveal unpublished and unbroadcast segments of interviews gathered for news and public affairs reporting purposes,

which include confidential information, or Plaintiffs will be subjected to contempt proceedings for their failure to do so. Disclosure will irreparably damage Plaintiffs' ability to gather news and give sources and subjects confidence in their ability to keep materials confidential. Contempt proceedings will cause loss of liberty or property that is unwarranted and unconstitutional. In either event, Plaintiffs – third parties to the Bergdahl court martial – will be unduly burdened by the Subpoena and forced to expend substantial sums on counsel.

24. Plaintiffs respectfully request that the Court temporarily, preliminarily and permanently enjoin all Defendants from issuing and/or enforcing the Subpoena.

## THIRD CLAIM

### (For Writ of Mandamus And/Or Prohibition, 28 U.S.C. § 1651(a))

### (Against All Defendants)

25. Plaintiffs reallege and incorporate by reference Paragraphs 1-24 as if set forth here in full.

26. Defendants have made clear their intention to imminently issue, serve and enforce the Subpoena with a return date of August 16, 2016.

27. In order to protect their constitutional, common law and statutory rights, Plaintiffs respectfully request that the Court issue a writ of mandamus and/or prohibition to all Defendants directing Defendants not to issue or enforce the Subpoena.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

1. A declaration from this Court that the threatened issuance and enforcement of the Subpoena implicates important and constitutionally protected rights under the First Amendment to the United States Constitution and the common law, and that, therefore, the Subpoena may not issue, may not be enforced and/or that

Plaintiffs may lawfully refuse to comply with the Subpoena without threat of prosecution or contempt;

2. The Court grant temporary, preliminary and permanent injunctions restraining Defendants from issuing or enforcing the Subpoena;

3. The Court issue a writ of mandamus and/or prohibition to all Defendants directing Defendants not to issue or enforce the Subpoena;

4. Costs and attorney's fees to the extent authorized by law; and

5. Any and all other relief as the Court deems necessary, just and proper.

Dated: July 20, 2016          JASSY VICK CAROLAN LLP

By \_\_\_\_\_/s/ Jean-Paul Jassy_____
        JEAN-PAUL JASSY

Attorneys for Plaintiffs
MARK BOAL and FLAKJACKET LLC d/b/a
PAGE 1

-8-

**COMPLAINT & WRIT PETITION**

# Exhibit A

SUBPOENA

The President of the United States, to <u>Parallax Media, LLC (operating as Page One Productions), c/o Jackoway, Tyerman, Wertheimer, Austen, Mendelbaum, Morris & Kelin, AP</u>.  You are hereby required to produce the below listed documentary evidence for use in the court-martial case of the <u>United States v. Sergeant Robert Bowdrie (Bowe) Bergdahl</u> as appointed by <u>Court-Martial Convening Order #1, Headquarters, United States Army Forces Command, Fort Bragg, North Carolina  28310</u>, dated <u>11 November 2015</u>.  These records must be produced **no later than May 1st, 2016**.

Documentary evidence:   <u>The complete unedited audio recordings of conversations between Sergeant Bergdahl and Mark Boal referenced in the *Serial* podcast as over 25 hours of recorded conversations. If available, include the date and time for all recordings.</u>

This subpoena only requires the production of certain evidence and does not include a provision requiring personal appearance at this time.  Failure to comply may result in a subpoena being issued for personal appearance and the production of documents or other evidence.  In that case, failure to appear and testify is punishable by a fine of not more than $500 or imprisonment for a period not more than six months, or both.  (10 U.S.C. § 847).  Failure to appear may also result in your being taken into custody and brought before the <u>court-martial</u> under a Warrant of Attachment (DD Form 454).  Manual for Courts-Martial R.C.M. 703(e)(2)(G).

Return a copy of this subpoena with the required audio evidence.  If personal appearance is required, bring this subpoena with you and do not depart from the proceeding without proper permission.

Subscribed at <u>Fort Bragg, North Carolina</u> this <u>28th</u> day of <u>March, 2016</u>.

_____  JUSTIN OSHANA, Major
(Signature (See R.C.M. 703(e)(2)(C))  Judge Advocate, U.S. Army
Trial Counsel

The witness is requested to sign one copy of this subpoena and to return the signed copy to the person serving the subpoena.

I hereby accept service of the above subpoena.   _____
(Signature of Witness/Authorized Recipient)

NOTE:  If the witness/authorized recipient does not sign, complete the following:

Personally appeared before me, the undersigned authority, _____, who, being first duly sworn according to law, deposes and says that at _____, on _____, 20\_\_\_, he/she personally delivered to _____, a duplicate of this subpoena, by _____ (method of delivery).

_____   _____
(Grade)  (Signature)
Subscribed and sworn to before me at _____, this \_\_\_\_\_ day of _____, 20\_\_\_.

_____   _____   _____
(Grade)  (Official Status)  (Signature)